# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>   vs.<br><br>RICARDO RUIZ,<br><br>        Defendant. | Case No. 07-cr-2965<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>Docket No. 43 |

**I. BACKGROUND**

In October of 2007, Petitioner Ricardo Ruiz was charged with importation of a controlled substance in violation of 21 U.S.C. §§ 952, 960. He entered a plea agreement with the government and was sentenced to 120 months in prison. The plea agreement provides that Petitioner

> waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory minimum term, if applicable.

Petitioner moved for a reduction of his sentence in December of 2009, arguing that he should have benefitted from points reductions because he played a mitigating role

1

and was a minimal participant in the crime. The court denied his request, holding that he had waived his collateral right to attack his sentence, he was prevented from filing a petition under 28 U.S.C. §2255 because of the one year statute of limitations, and he was ineligible for the relief sought. The court's decision was affirmed by the Ninth Circuit.

Petitioner's current motion also requests a sentence reduction. The motion appears to request a one year reduction in sentence that is available to some federal inmates, but unavailable to federal inmates with deportation orders. Petitioner also requests relief "pursuant to the § 1326 (a) Immigration Fast Track Act and Minimal Participation pursuant to provision §3B1.1."

For the reasons stated below, the motion is DENIED.

## II. LEGAL STANDARD AND DISCUSSION

As stated in the court's previous order, Petitioner has waived his rights to collaterally attack his sentence. Petitioner signed a plea agreement waiving his rights, and statutory rights can be knowingly and voluntarily waived.[1] U.S. v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Further, Petitioner's claim fails on the merits. The court's previous order explained both that Petitioner was not eligible for a safety valve adjustment because he had more than one criminal history point, and that a minor participant role adjustment was unavailable. Order Denying Mtn. to Reduce Sentence at 3.

---

[1] Petitioner's motion makes no allegations concerning involuntariness of his plea. His reply brief claims that "defense counsel never told him about Minimum Mandatory, petitioner received inadequate and ineffective representation during the whole case, petitioner [sic] Attorney did not meet with him sufficiently to plan a defense strategy." Reply at 2. Because these allegations were not raised in Petitioner's original motion, the court will not consider them. See United States v. Gianelli, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008) (noting that "arguments raised for the first time in a reply brief are generally waived"). The court also notes that the plea agreement signed by Petitioner specifically states that "Defendant understands that if he does not qualify for § 5C1.2 , defendant may be subject to a statutory minimum sentence." Plea Agmt. at 8. Separately, the agreement points out that "the crime to which defendant is pleading guilty carries" the penalty of "a mandatory minimum of 10 years." Id. at 4.

Petitioner has also made a claim based on a perceived sentence disparity because "the federal inmate gets one year reduction from the drug program." Pet. Mtn. at 2. No violation of constitutional rights typically occurs when a prisoner is denied drug treatment program benefits after he has stipulated to deportation. In McLean v. Crabtree, 173 F.3d 1176 (9th Cir. 1999), the Ninth Circuit decided a case in which a similar claim was raised concerning a Bureau of Prisons regulation that excluded prisoners with Immigration and Naturalization Service detainers from participating in community-based drug treatment programs. The court rejected a Due Process challenge because the law in question did not create a liberty interest in sentence reduction. The McLean court also found that the policy did not violate the Equal Protection clause because the petitioner did not demonstrate that the exclusion "results in aliens as a group being treated differently from other persons based on their membership in the class of incarcerated aliens." 173 F.3d at 1185. See also United States v. Brionez-Villela, 2008 U.S. Dist. LEXIS 85164 at *5-*8 (S.D. Cal. 2008) ("Defendant's exclusion from certain BOP programs as a consequence of his immigration status [] does not violate due process or equal protection.").

**IT IS SO ORDERED.**

DATED: March 23, 2012

Jeffrey T. Miller
United States District Judge